UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES S. GENTZLER,

                    Petitioner,

        -v-                                                    No. 05 Civ. 4521 (LTS)(GWG)

UNITED STATES OF AMERICA,

                    Respondent.

---

LAURA TAYLOR SWAIN, United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/27/05

## MEMORANDUM ORDER

James Gentzler, an inmate at the Federal Correctional Institution at Otisville, New York ("FCI Otisville"), who was sentenced principally to a term of 24 months of imprisonment for mail fraud in April 2004 and began serving his sentence in May 2004, petitions this Court pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus directing the Warden of FCI Otisville to grant Petitioner's request for up to six months' halfway-house placement prior to the end of his term of imprisonment. Petitioner named the United States of America as Respondent; the petition is hereby deemed amended to name as Respondent Craig Apker, in his capacity as Warden of FCI Otisville, and to dismiss the petition as against the United States. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2717-18 (2004) (Proper respondent to petition for habeas corpus is person with immediate custody of detained person; default rule is to name warden of facility where petitioner is held.)

The Court notes that Gentzler did not exhaust his administrative remedies prior to commencing this proceeding. The Government does not, however, seek dismissal of the petition on this ground and the Court finds that, in any event, exhaustion of administrative remedies in this

Copies mailed to Pro Se Petitioner & Gov't.
Chambers of Judge Swain

on this ground and the Court finds that, in any event, exhaustion of administrative remedies in this instance would have been futile.

Gentzler's pro se petition arises from a change in Bureau of Prisons ("BOP") policy, initiated in December 2002, relating to "community confinement" (commonly known as halfway-house) placements. Under the pre-December 2002 policy, the BOP exercised its 18 U.S.C. § 3621 authority to designate prisoners to facilities in a manner that included inmate placements into community confinement for up to the last six months of their terms. See, e.g., Weisel v. Menifee, No. 04 Civ. 9681(DAB), 2005 WL 1036297, at *1 (S.D.N.Y. May 2, 2005). In December 2002, the Department of Justice adopted a policy interpreting 18 U.S.C. § 3624, which authorizes BOP to make community confinement placements to facilitate inmate reintegration into the community, to limit BOP's authority to make community confinement designation to the last 10% of an inmate's sentence, not to exceed six months. Id. at *1-2. After a series of judicial decisions on the question of the legality of the BOP's policy change, many of which held that BOP had interpreted 18 U.S.C. § 3624 incorrectly and thus had failed to exercise the discretion committed to it by statute with respect to community confinement placements,[1] the BOP proposed in August 2004 and finalized in January 2005, effective February 14, 2005,[2] a rule exercising its statutory discretion in this regard in categorical fashion to provide for a community confinement time limit of the lesser of 10% of the prison term or six months on community confinement placements. New regulation 28 C.F.R. 570.21 provides in pertinent part as follows:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being

---

[1]    E.g., Iacaboni v. United States, 251 F. Supp. 2d 1015 (D. Mass. 2003).

[2]    Bureau of Prisons Final Rule, 70 Fed. Reg. 1659-01 (January 10, 2005).

served, not to exceed six months.

(b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority . . . .

28 C.F.R. 570.21 (2005).

Gentzler's projected release date, taking into account good conduct time credits, is February 17, 2004. (Return ¶ 2 n.1; see also Pet'r's 28 U.S.C. § 2241 Pet. for Writ of Habeas Corpus by Person in Federal Custody ("Pet.") at 1.) BOP has recommended him for a 30-60 day community confinement placement commencing in or after December 2005. (Return ¶ 3; see also Pet. at 1.)

Gentzler first argues that BOP's December 2002 interpretation of 18 U.S.C. § 3624 is erroneous and that the December 2002 interpretation was adopted in a manner noncompliant with the requirements of the Administrative Procedures Act. As the February 2005 regulation was adopted pursuant to public notice and comment procedures, has superseded the earlier policy, and recognizes that BOP has discretion to make community confinement placements exceeding the last 10% of an inmate's sentence, the Court need not address Petitioner's challenge of the earlier policy.

Petitioner further argues that, because he plead guilty and was sentenced prior to the BOP's adoption of its current regulation, that regulation cannot be applied to him. The Court construes this position as an ex post facto argument and rejects it. Nothing in prior law, whether before or after the BOP's adoption of its December 2002 policy, guaranteed an inmate placement in a community confinement facility for longer than the final 10% of his sentence. Indeed, even 18 U.S.C. § 3624, the statute directing BOP to afford prisoners a reasonable opportunity to adjust to and prepare for re-entry into the community, does not guarantee community placement or home

confinement for the prisoner. Rather, the BOP is directed to assure such conditions "to the extent practicable" during a "reasonable part" of the "last 10 per centum of the [inmate's prison term]." 18 U.S.C.A. § 3624(c) (West 2005). Thus, "[t]he changes do not increase the sentence penalty imposed on anybody"[3] and, for the reasons thoughtfully and thoroughly reviewed in Levine v. Menifee, No. 05 Civ. 1902(RCC), 2005 WL 1384021, at *6-*10 (S.D.N.Y. June 9, 2005), do not run afoul of the ex post facto clause of the Constitution.

Finally, Petitioner contends that BOP's new regulation is contrary to Congressional intent as expressed in 18 U.S.C. § 3524, that inmates have the "'assurance' of opportunity to spend a reasonable portion of a prisoner's term of imprisonment in a CCC." (Pet. at 11.) The Court finds that the regulation, which is entitled to Chevron deference,[4] reflects a reasonable interpretation of Congressional policy in this regard, particularly since the plain language of the statute defines a "reasonable" period as not exceeding six months of the last 10% of the inmate's prison term.

The petition for a writ of habeas corpus is, therefore, denied. A certificate of appealability shall issue.

SO ORDERED.

Dated: New York, New York
     July 26, 2005

 

LAURA TAYLOR SWAIN
United States District Judge

---

[3]    Levine v. Apker, No. 05 Civ. 3472(CLB), 2005 WL 1417134, at *2 (S.D.N.Y. May 20, 2005) (citations omitted).

[4]    See Chevron USA, Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984).